Dickson, J.
This case was heard -on motion to set aside service of summons on the ground that the defendant is not in court, the service having been made upon one who is not an agent of the defendant, but only dealt in the defendant’s goods, notwithstanding he had under some circumstances, by signs and letterheads, held himself out as agent.
From the evidence offered it is clear that one Winston held himgdlf out to the public as agent of the defendant company in this city, but there is no evidence that the plaintiff in his dealings with Winston had any facts within his knowledge tending to show such agency.
There is no evidence that the defendant company authorized this Winston to represent it as agent. There is no positive evidence that the defendant company knew Winston was holding himself out to the public as its agent. One or two of the officers of the company once or twice visited the office of Winston in this city, but there is no evidence that they saw or authorized the sign on the door on which was the name of the defendant corporation, or knew or saw the letterheads used and containing the name of the defendant.
' There is no rule of law requiring any one to use even ordinary care to prevent another from holding himself out as. agent. *466 the breach of which rule of law would create a liability. The evidence, of Winston and the company clearly shows that Winston was only a factor dealing on his own account. This positive proof must prevail against the isolated fact that the representatives of the defendant company might have seen Winston’s sign on the door of Winston’s office. Motion granted.